APPEAL OF GREENVILLE COALING & EXPORT CORPORATION.

Docket No. 5403.   Submitted March 9, 1926.   Decided June 22, 1926.

The taxpayer and the Maryland Coal & Coke Co. were not affiliated during the calendar year 1920.

*C. E. Marvin, C. P. A.,* for the petitioner.
*P. J. Rose, Esq.,* for the Commissioner.

Before SMITH, JAMES,[1] LITTLETON, and TRUSSELL.

This is a proceeding for the redetermination of a deficiency in income and profits tax for the year 1920, in the amount of $1,471.43.

---

[1] This decision was prepared during Mr. James' term of office.

The point in issue is whether the taxpayer was affiliated with the Maryland Coal & Coke Co. during the calendar year 1920.

### FINDINGS OF FACT.

The taxpayer was incorporated under the laws of Delaware, November 12, 1918, and is engaged in the retail sale of bituminous coal. During 1920 it had a capital stock of $10,000, divided into 100 shares of a par value of $100 each, only 20 of which were issued and outstanding. The Maryland Coal & Coke Co. was incorporated under the laws of West Virginia, on January 3, 1905, and is engaged in the wholesale bituminous coal business. During 1920 its authorized capital stock was 2,000 shares of a par value of $100 each, of which only 949 shares were outstanding. The stock of the two corporations was owned during the taxable year as follows:

| Stockholder. | Maryland Coal & Coke Co. | | Greenville Coaling & Export Corporation. | |
|---|---|---|---|---|
| | No. of shares. | Percentage. | No. of shares. | Percentage. |
| Medford J. Brown | 311 | 32. 77 | 9 | 45 |
| M. Evelyn Brown | 5 | . 53 | | |
| Frank A. Taylor | 311 | 32. 77 | 9 | 45 |
| Clara C. Taylor | 5 | . 53 | | |
| Herbert R. Smith | | | 1 | 5 |
| Arthur S. Minster | | | 1 | 5 |
| George P. Spates | 317 | 33. 4 | | |
| Total | 949 | 100. 00 | 20 | 100 |

M. Evelyn Brown is the wife of Medford J. Brown, and Clara C. Taylor is the wife of Frank A. Taylor. George P. Spates was the original incorporator of the Maryland Coal & Coke Co. and was its president up to 1919. During the year 1920 he was not an officer of that company or of the taxpayer. Brown and Taylor, who together owned more than 50 per cent of the stock of the Maryland Coal & Coke Co., directed the operations of that company and also those of the taxpayer.

The taxpayer was organized for the purpose of handling the retail business of the Maryland Coal & Coke Co. in New York Harbor, viz., supplying bunker coal for tugs. During the year 1920 it supplied coal from the yard of the Maryland Coal & Coke Co.; it had no boats or barges of its own, furnished no capital for the purchase of coal, and handled no business for any concern other than the Maryland Coal & Coke Co. Its officers were the same as the officers of the Maryland Coal & Coke Co. It had no office or place of business separate from that of the Maryland Coal & Coke Co, and was in all respects operated in conjunction therewith,

OPINION.

SMITH: The claim of the taxpayer in this appeal is that it and the Maryland Coal & Coke Co. were affiliated in 1920. The basis of the claim is that Brown and Taylor were owners of 90 per cent of the capital stock of the taxpayer and 65½ per cent of the capital stock of the Maryland Coal & Coke Co., and that they, together with their wives, owned 66⅔ per cent of the capital stock of that company.

Section 240 of the Revenue Act of 1918 declares that, for the purpose of imposing the tax, certain corporations shall be deemed to be affiliated. In subdivision (b) it is provided that "For the purpose of this section two or more domestic corporations shall be deemed to be affiliated * * * (2) if substantially all the stock of two or more corporations is owned or controlled by the same interests." At the hearing of this appeal the taxpayer made no claim that it or its stockholders owned or controlled more than two-thirds of the shares of stock of the Maryland Coal & Coke Co. The only witness who testified for the taxpayer at the hearing knew of no control which either the taxpayer or its officers had over the shares of stock of the Maryland Coal & Coke Co. owned by George P. Spates. The claim for affiliation is based solely upon the proposition that the corporations are operated to a large extent as a business unit and that the stockholders of the taxpayer own 66⅔ per cent of the shares of stock of the Maryland Coal & Coke Co. We are of the opinion that "substantially all" the stock of the two corporations is not owned or controlled by the same interests, yet this is the criterion of affiliation laid down by the taxing statute. The fact of intercompany relations, or the absence of them, without the necessary stock ownership or control as provided in the statute, is not sufficient to permit or require affiliation. *Appeal of Schloss Brothers Co.*, 1 B. T. A. 581; *Appeal of Rowe Transfer & Coal Co.*, 1 B. T. A. 593; *Appeal of Canyon Lumber Co.*, 1 B. T. A. 473. See also *Appeal of Madera Yosemite Big Tree Auto Co.*, 2 B. T. A. 346, in which it was held that the ownership or control of only 65 per cent of the shares of stock of a corporation was not substantially all the shares of stock; and *Appeal of United Metal Spinning Co.*, 2 B. T. A. 520, in which it was held that 66⅔ per cent of the stock was not substantially all the stock of the corporation within the meaning of the statute.

By reason of the fact that the taxpayer was required to furnish no capital for the purchase of coal, there was manifestly an abnormality in its invested capital for the year 1920, and it is entitled to be taxed under the provisions of section 328 of the Act. The taxpayer has, however, furnished no comparatives for the determination of its tax liability. The selection of comparatives which may be made by the

Commissioner and the determination of tax liability made by him from the use of such comparatives will be accepted as final. *Appeal of H. T. Cushman Mfg. Co.*, 2 B. T. A. 39.

> *Order of redetermination will be entered on 15 days' notice, under Rule 50.*